IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Lorna Villatoro, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   14 C 2488 |
| Client Services, Inc., a Missouri corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Lorna Villatoro, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) many of the acts and transactions occurred here and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Lorna Villatoro ("Villatoro"), is a citizen of the State of New York, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for a Citibank credit card account, despite the fact that she had exercised her right to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Consumers in Debt program ("LACD"), located in Chicago, Illinois.

4. Defendant, Client Services, Inc., is a Missouri corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Client Services operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Client Services was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Client Services is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Client Services conducts business in Illinois.

6. Moreover, Defendant Client Services is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Client Services acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Villatoro fell behind on paying her bills, including one she allegedly owed for a Citibank credit card account. At some point in time, after that debt became delinquent, Defendant Client Services began trying to collect this debt from her, by calling her and sending her a collection letter, dated December 5, 2013. A copy of Defendant's letter is attached as Exhibit C.

8. Accordingly, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding her financial difficulties and Defendant's collection actions. On January 21, 2014, one of Ms. Villatoro's attorneys at

LACD informed Defendant, in writing, that Ms. Villatoro was represented by counsel, and directed Client Services to cease contacting her, and to direct all further collection activities to her attorneys at LACD, because Ms. Villatoro was forced, by her financial circumstances, to try and negotiate a payment plan as to her unsecured debt. A copy of this letter and fax confirmation is attached as Exhibit D.

9. Thereafter, from its offices in Chicago, Illinois. Ms. Villatoro's attorneys sent two regular monthly payments on the debt, which payments were accepted.

10. Nonetheless, Defendant Client Services repeatedly called Ms. Villatoro to demand payment of the Citibank debt, including, but not limited to, telephone calls on March 18, 19, 21 and 27, 2014, from phone number 800-521-3236.

11. Accordingly, on March 28, 2014, Ms. Villatoro's LACD attorneys had to send Defendant another letter directing them to cease communications. Copies of this letter and fax confirmation are attached as Exhibit E.

12. Undeterred, on April 2, 2014, Defendant Client Services called Ms. Villatoro again to demand payment of the Citibank debt from telephone number 696-947-2321.

13. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Ms. Villatoro's attorney/agent, LACD, told Defendant to cease communications with Ms. Villatoro (Exhibits D and E). By continuing to communicate via telephone regarding collection of the debt from Ms. Villatoro, Defendant violated § 1692c(c) of the FDCPA.

18. Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendant Client Services knew that Ms. Villatoro was represented by counsel in connection with her debts because her attorneys at LACD had informed Defendant, in writing (Exhibits D and E), that she was represented by counsel, and had

4

directed Defendant to cease directly communicating with her. By continuing to call Ms. Villatoro, despite being advised that she was represented by counsel, Defendant Client Services violated § 1692c(a)(2) of the FDCPA.

22. Defendant's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C.§1692k.

## PRAYER FOR RELIEF

Plaintiff, Lorna Villatoro, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Villatoro, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lorna Villatoro, demands trial by jury.

                                                                       Lorna Villatoro,

                                                                       By: /s/ David J. Philipps  
                                                                       One of Plaintiff's Attorneys

Dated: April 7, 2014

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com